**TANNER, etc. v. VOGEL, Judge.**

Court of Appeals of Kentucky.

Oct. 20, 1953.

Harold M. Streets, Greenville, for appellant.

L. Allen Rhoads, Henderson, for appellee.

MILLIKEN, Justice.

This is an appeal from an order refusing to direct the election officers to submit a proposal to adopt the city manager form of government to the voters of the City of Henderson. The case is before us on an agreed statement in accordance with CR 76.

The "agreed statement of facts" is as follows:

"Henderson, Kentucky, a city of the third class, is now operating under commission form of Government. Two petitions have been drawn up and signed pursuant to Chapter 89 of the Kentucky Revised Statutes. One petition in accordance with KRS 89.290 has been lodged with the Henderson County Judge on August 29, 1953, asking that question be submitted to electorate of Henderson at the November 3, 1953, election whether the commission form of government should be terminated. Another petition which appellant is a signer on, requests that question of organization and government of Henderson under city manager Form of Government be submitted to electorate at the November 3, 1953, election.

"It is agreed that both petitions are drawn up and signed in accordance with provisions of the Statutes relating to subject.

"The Hon. Fred G. Vogel, having stated to the appellant that he did not intend to direct that question 'Are you in favor of organization and government of the City of Henderson under the City Manager form of Government?' upon the ballot this November 3, 1953, but intends to submit question of abolishing commission form. The appellant, therefore filed complaint asking that the Hon. Fred G. Vogel, Henderson County Judge be directed to submit said question to the electorate of Henderson, Ky. pursuant to KRS 89.410. Appellant's motion for mandamus to be issued was overruled by the Henderson Circuit Court on September 25, 1953. The appellant is now appealing from the order overruling motion for writ of mandamus to be issued against the Henderson County Judge."

Under KRS 89.290(1), the question to be submitted is: "Shall the city of [Henderson] abandon the commission form of government?" The effect of a favorable vote on this question would return the city government to the councilmanic form. KRS 89.290(4). Under KRS 89.410(2) the question to be submitted is: "Are you in favor of the organization and government of the city of [Henderson] under the city manager form of government?" The effect of a favorable vote on this proposal would result in the continuance from a practical standpoint of the commission form of government with the addition of a city manager. KRS 89.420, 89.430. A "No" vote on the first proposal would be an approval of the present commission form of government, and it then could be argued that the voters really approved the status quo—the commission form of government. Or it might be said that they approved both the commission and city manager forms. In case they voted favorably on both proposals, an even more hopelessly confusing situation would ensue. In view of the potential possibilities, there is little reason

for believing the voters would not be confused by the presence of the two proposals on the ballot at the same election, and, for that reason, if for no other, we conclude that the submission of the second proposal in point of time—the city manager proposal—was properly refused. 18 Am.Jur., Elections, §§ 180, 182, 326, 327; 29 C.J.S., Elections, §§ 79, 82.

The judgment is affirmed.